James P. Segall-Gutierrez, SBN 240439
**Law Offices of James P. Segall-Gutierrez**
6709 Greenleaf Avenue, Suite 202
Whittier, California 90601
Telephone:   (562) 321-5950
Facsimile:    (562) 907-3791
Email:        jpsglaw@gmail.com

Attorneys for Plaintiffs

FILED

2014 FEB 26  PM 1:50

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CV 14 - 1185 SVW (ASx)

Z.B. a minor by and through her guardian ad litem Arturo Blas; S.B. a minor by and through her guardian ad litem Arturo Blas, ARTURO BLAS; ANA MARIA GOMEZ; NIGLMORO OKUK; MARIA CAZARES; ADAM CHARLES RICE; ANTONIO HERNANDEZ; KYLENE WOLFSTIEN; YEHVA MAAYAN; BRENDA HERNANDEZ; CLARENCE SMITH,

PLAINTIFFS,

vs.

CITY OF PASADENA; CITY OF PASADENA POLICE DEPARTMENT; and DOES 1 through 50;

DEFENDANTS.

Case No.: 

**COMPLAINT FOR DAMAGES:**
**CIVIL RIGHTS VIOLATIONS**
**(42 U.S.C. §1983);**
**STATE LAW CLAIMS**

**[DEMAND FOR JURY TRIAL]**

COMES NOW Plaintiffs and allege as follows:

## I. JURISDICTION AND VENUE

1.    Plaintiffs brings this action pursuant to 42 U.S.C. §§ 1981 and 1983. This court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.

2.    This district court is the proper venue for this action pursuant to 28 USC §1391(b)(2) because this is a civil action not founded solely on diversity of citizenship

COPY

and this judicial district is where a substantial part of the events or omissions that give rise to claims alleged.

## II. PARTIES

3.    Plaintiff Z.B. is a resident of the County of Los Angeles, California. Plaintiff is a minor and brings this action by and through her guardian ad litem, Arturo Blas.

4.    Plaintiff S.B. is a resident of the County of Los Angeles, California. Plaintiff is a minor and brings this action by and through her guardian ad litem, Arturo Blas.

5.    Plaintiff Arturo Blas is a resident of the County of Los Angeles, California.

6.    Plaintiff Ana Maria Gomez is a resident of the County of Los Angeles, California.

7.    Plaintiff Niglmoro Okuk is a resident of the County of Los Angeles, California.

8.    Plaintiff Maria Cazares is a resident of the County of Los Angeles, California.

9.    Plaintiff Adam Charles Rice is a resident of the County of Los Angeles, California.

10.    Plaintiff Antonio Hernandez is a resident of the County of Los Angeles, California.

11.    Plaintiff Kylene Wolfstein is a resident of the County of Los Angeles, California.

12.    Plaintiff Yehvda Maayan is a resident of the County of Los Angeles, California.

13.    Plaintiff Brenda Hernandez is a resident of the County of Los Angeles, California.

14.    Plaintiff Clarence Smith is a resident of the County of Los Angeles, California.

COMPLAINT FOR DAMAGES

15.    Defendant CITY OF PASADENA is a municipal entity created and authorized under the laws of the State of California. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

16.    Defendant CITY OF PASADENA POLICE DEPARTMENT is a governmental/public entity organized under the laws of the State of California.

17.    The DOES 1 through 50 were employed as Officers, Sergeants, or supervisors in the CITY OF PASADENA POLICE DEPARTMENT at all times material hereto. Said Defendants were acting under color of state law and are also sued in their individual capacities.

18.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and thereupon allege, that each of said fictitiously named defendants, is responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged, were proximately caused by the acts and or omissions of each of them.

19.    At all times relevant hereto, said DOES 1 through 50 were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of the defendant CITY OF PASADENA POLICE DEPARTMENT, a department and subdivision of defendant CITY OF PASADENA and at all times were acting with permission and consent of their co-defendants.

20.    At all times relevant to the present complaint, DOES 1 through 50, inclusive were acting within their capacity as employees, agents, representatives and servants of defendant CITY OF PASADENA and defendant CITY OF PASADENA POLICE DEPARTMENT, which is liable under the doctrine of *respondeat superior* pursuant to section 815.2 of the California Government Code.

COMPLAINT FOR DAMAGES

## III. FACTS COMMON TO ALL ACTIONS

21. On or about November 14, 2012, Plaintiffs were peacefully participating in a gathering protesting the presence of former president of Mexico Vicente Fox at about around the Pasadena Civic Center. During the protest, defendants DOES 1 through 50 rushed into the crowd of protesters and started to assault, hit, swing batons at, and handcuff many of the peaceful protesters including Plaintiffs.

22. During the course of said encounter, defendant DOES 1 through 50 unlawfully used force against Plaintiffs. Defendants DOES 1 through 50 did not have probable cause or legal justification to use force.

23. Plaintiffs suffered injuries and/or emotional distress, humiliation, anxiety, and fear as a result of Defendants DOES 1 through 50 unlawful use of force.

24. The use of any force in these circumstances, which were precipitated by Defendant DOES 1 through 50 illegal assault was excessive and unreasonable under the circumstances, and deprived Plaintiffs of their rights, privileges and immunities guaranteed him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of Title 42, United States Code, Section 1983. Said excessive use of force also deprived Plaintiffs of the rights, privileges and immunities guaranteed them by the Fourteenth Amendment to the United States Constitution, in violation of Title 42, U.S.C. § 1983.

25. By reason of the afore-described acts, omissions and conspiracy of defendants and each of them, Plaintiffs suffered physical injuries and/or mental injuries, trauma, pain, shock to their nervous system, anxiety, degradation, humiliation, fear and emotional distress all to their damage in an amount not yet ascertained but to be proved.

26. By reason of the acts and omissions of defendants described herein, plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiffs that that they might vindicate the loss and impairment of their rights as described herein; and therefore plaintiffs requests

COMPLAINT FOR DAMAGES

payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988

27.    Plaintiffs further contend that Defendants CITY OF PASADENA and ITY OF PASADENA POLICE DEPARTMENT are individually, jointly and severally liable for those violations of Plaintiffs' constitutional rights, referenced herein, in that the Defendants have:

(1) tolerated, condoned and encouraged a pattern of brutality and use of excessive force by members of the City of Pasadena Police Department against Los Angeles County residents and others, in particular residents of the Hispanic community;

(2) systematically failed, for many years, to properly and adequately monitor and investigate such incidents and to supervise and discipline the deputies involved, and;

(3) created an environment and culture in which officers and supervisors are encouraged to engage in and to conceal the misconduct of other officers resulting in the current situation where officers believe that they can violate, with impunity, the rights of persons such as Plaintiffs;

(4) inadequately trained officers with regard to proper restraint and usage of force and weapons;

(5) inadequately selected, trained, monitored and supervised officers and their supervisors.

28.    Plaintiffs are informed and believe and thereon allege that the DOES 1 through 50, intentionally, negligently and recklessly failed to use proper and established law enforcement tactics regarding the proper detention of suspects, and the proper deployment of force.    Instead said Defendants acted without regard to plaintiffs' rights recklessly, and intentionally and negligently exacerbated and inflamed the incident by employing their forces as a tool of intimidation.

## IV.  COUNT ONE

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE

## FROM UNREASONABLE USE OF FORCE

## (AGAINST ALL DEFENDANTS)

29.   Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs above, as though fully set forth herein.

30.   This first cause of action is brought under Title 42 U.S.C. §§ 1983, 1985, and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution for the violation of the civil rights of Plaintiffs.

31.   On November 14, 2012, Plaintiffs possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable excessive force by law enforcement personnel, including police officers.

32.   On or about November 14, 2012., Plaintiffs were peacefully participating in a gathering protesting the presence of former president of Mexico Vicente Fox at about around the Pasadena Civic Center.  During the protest, defendants DOES 1 through 50 rushed into the crowd of protesters and started to assault, hit, swing batons at, and handcuff many of the peaceful protesters including Plaintiffs

33.   At the time of the assault, Plaintiffs were not engaged in any assaultive or threatening behavior toward any defendant or any other person or persons.

34.   The assault of Plaintiffs by Defendant DOES 1 through 50 was unjustified by any actions of Plaintiffs, and in excess of any justifiable actions of Plaintiff's, and constituted an unreasonable and excessive use of force.

35.   Said defendant acted specifically with the intent to deprive Plaintiffs of the following rights under the United States Constitution:

- 6 -
COMPLAINT FOR DAMAGES

a.  Freedom from unreasonable and warrantless detentions by law enforcement personnel; and

b.  Freedom from unreasonable and warrantless searches by law enforcement personnel; and

c. Freedom from unreasonable seizures, in the form of the use of excessive force,

d. Freedom from a deprivation of liberty without due process of law;

e. Freedom from summary punishment; and

f. Freedom to assemble and free speech;

36.  Said defendants and each of them, subjected Plaintiffs to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of Plaintiffs' civil rights.

37.  Said defendants, and each of them, acted at all times herein knowing full well that the established practices, customs, procedures, protocols, and policies of Defendants CITY OF PASADENA and CITY OF PASADENA POLICE DEPARTMENT would allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

38.  As a direct and proximate result of the aforementioned acts of said defendants, and each of them, Plaintiffs suffered injuries to thier body and/or emotions.

39.  The aforementioned acts of said defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

## V. COUNT TWO

## VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHTS

## OF FREE SPEECH AND ASSEMBLY

## [AGAINST ALL DEFENDANTS]

40.  Plaintiffs repeat and re-allege each and every allegation above as though fully set forth herein.

-7-
COMPLAINT FOR DAMAGES

41.     This cause of action is brought pursuant to 42 U.S.C. 1983, and the First Amendment of the United States Constitution, and Article I § 2 of the California Constitution.

42.     Plaintiffs possessed the rights, guaranteed by the First Amendment of the United States Constitution, and Article I § 2 of the California Constitution, to the rights of freedom of speech and assembly.

43.     Defendants and DOES 1 through 50 have acted under color of law and in the ambit of their professional duties as peace officers of the City of Pasadena to subject Plaintiffs to the deprivation of their First Amendment rights as secured by the United States and California Constitutions and laws.

44.     On November 14, 2012, officials and officers, without giving any prior dispersal order, and without declaring an unlawful assembly, began to use their batons to harass, intimidate, and terrorize the Plaintiffs, who were gathered at and around meeting, in an attempt to chill the Plaintiffs' First Amendment rights of free speech and assembly.

45.     Said Defendants have acted specifically with the intent to deprive Plaintiffs of the following rights guaranteed under the United States Constitution, and the California Constitution:

(a)     Freedom of speech; and

(b)     Freedom of assembly.

46.     The Defendants have deprived Plaintiffs of their Constitutional freedoms by the following conduct that includes, but is not limited to:

(a) Intimidating and terrorizing peaceful attendees to prevent them from exercising their First Amendment rights;

(b) Beating with police batons, Plaintiffs who were exercising their First Amendment rights;

(c) Pushing and shoving Plaintiffs;

(d) Hitting Plaintiffs multiple times with police batons; and

COMPLAINT FOR DAMAGES

(e) Interfering with and suppressing Plaintiffs' freedom of assembly;

47. As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiffs have suffered physical and emotional injuries as a result of the constitutional injuries and deprivation of Constitutional liberties.

48. The Defendants subjected Plaintiffs to the aforementioned deprivations with either actual malice, deliberate indifference or a reckless disregard of Plaintiffs' rights, under the clear color of law and pursuant to the policies, customs, and practices of the city officials, peace officers and the City of Pasadena. The acts and omissions of Defendants DOES 1 through 50, were wilful, wanton, malicious, oppressive, and manifested deliberate indifference to the violation of civil rights, thereby justify the awarding of exemplary and punitive damages as to the individual Defendants. The acts of said Defendants were also reckless to the extreme, justifying the imposition of punitive and exemplary damages against said Defendants in their individual capacity.

49. As a result of the acts and omissions of Defendants, Plaintiffs have been damaged in a sum or sums according to proof.

## VI. COUNT THREE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## [AGAINST ALL DEFENDANTS]

50. Plaintiffs repeat and re-allege each and every of the foregoing allegations above as though fully set forth herein.

51. On November 14, 2012, Defendants DOES 1 through 50 engaged in extreme and outrageous conduct that went beyond all bounds of decency. Conduct such as hitting persons with police batons; pointing batons at children and adults. Such conduct occurred in the City of Pasadena, California, against all the above referenced Plaintiffs when they were pushed, shoved, beat and had police batons pointed at them in an intimidating and threatening manner.

52. Such extreme and outrageous conduct consisted of acts of assault and battery by hitting persons with police batons and pushing them.

COMPLAINT FOR DAMAGES

53.   Specifically, Plaintiffs were injured when Defendants pointed their batons at said Plaintiffs and threatened and hit some Plaintiffs with police batons.

54.   At all pertinent times, the extreme and outrageous conduct of said Defendants was intentional and said Defendants intended to and did cause all of the above reference injuries to Plaintiffs and Plaintiffs suffered severe emotional distress.

55.   As a sole, direct, and proximate result of the extreme and outrageous conduct of said Defendants, all the above referenced Plaintiffs have suffered physical and emotional injuries including and not limited to: extreme and severe emotional anguish, distress and pain, have been injured in mind and body, and have suffered generalized shock and trauma to the nervous system, a loss of earnings and earning capacity, and expenses for medical and mental health treatment, all to Plaintiffs' damage according to proof at trial.

66.   Said extreme and outrageous conduct, i.e. the pointing of their batons and hitting Plaintiffs with police batons, were intentionally committed by said Defendants and was wilful, wanton, malicious and oppressive.  Such acts were committed with the intent to injure, harm, humiliate and emotionally disturb Plaintiffs.   Moreover, Defendants took advantage of their position of power as sworn officials and officers acting under color of law when they committed said assaults and batteries. As such, said conduct justifies the awarding of exemplary and punitive damages as to Defendant's in an amount to be proven at trial.

## VII. COUNT FOUR

## ASSAULT AND BATTERY

## (AGAINST ALL DEFENDANTS)

67.   Plaintiffs repeat, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

68.   Plaintiffs invoke the supplemental jurisdiction of this Court to hear and determine this claim.

69.   Defendants, and each of them, did the acts and omissions herein alleged

- 10 -
COMPLAINT FOR DAMAGES

in bad faith and with knowledge that their conduct violated well-established and settled law.

70.   At the date, time and location, described herein, Defendants knowingly and willfully, without provocation, necessity or lawful justification, or in excess of any provocation, necessity, or lawful justification, in violation of California Penal Code Sections 149 and 245, willfully assaulted and/or battered Plaintiffs, as set forth herein.

71.   As a proximate result of the acts of Defendants, as herein alleged, Plaintiffs were compelled to expend money all to their damage in an amount according to proof.

72.   As a proximate result of the acts of Defendants, Plaintiffs were injured in health, strength and activity, sustaining injuries to their body and/or Plaintiffs sustained shock and injury to their nervous systems and persons.

73.   As a further proximate result of the acts of Defendants, some Plaintiffs were required to and did employ physicians for medical examination, treatment and care of injuries, and did incur medical and incidental expenses, the exact amount of which is unknown at this time.

74.   The acts of Defendants DOES 1 through 50 were willful, malicious and oppressive, in conscious disregard of Plaintiffs' known rights and thereby justify the awarding of exemplary damages in the sum according to proof.

## VIII. PRAYER

WHEREFORE, Plaintiffs for each and every cause of action above, pray for the following relief, jointly and severally, against all the defendants;

a)   Compensatory, general, economic, and special damages in an amount in accordance with proof; and

b)   Exemplary damages in an amount sufficient to deter and to make an example of the defendants; and

c)   Reasonable attorney's fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988; and

- 11 -
COMPLAINT FOR DAMAGES

d)    Costs of suit necessarily incurred herein; and

e)    Prejudgment interest according to proof; and

f)    Such further relief as the Court deems just or proper.


DATED:  February 14, 2014          Law Offices of James P. Segall-Gutierrez


By
          James P. Segall-Gutierrez
          Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand that the present matter be set for jury trial.

DATED:  February 14, 2014          Law Offices of James P. Segall-Gutierrez


By
          James P. Segall-Gutierrez
          Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Stephen V. Wilson_____ and the assigned Magistrate Judge is _____Alka Sagar_____ .

The case number on all documents filed with the Court should read as follows:

## CV14-1185-SVW(ASx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 26, 2014

Date

By  C. Sawyer

Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Z.B., a minor, by and through her guardian ad litem Arturo Blas, et al. | City of Pasadena; City of Pasadena Police Department; and DOES 1 through 50 |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Los Angeles <br> *(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| **(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. <br><br> Law Office of James P. Segall-Gutierrez <br> 6709 Greenleaf Ave., Suite 202 <br> Whittier, CA 90601          Tel: (562) 321-5950 | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sec 1983, 1985. 1088

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |



CV14-1185

ORIGINAL

| **FOR OFFICE USE ONLY:** | Case Number: | | |
|---|---|---|---|
| CV-71 (11/13) | | **CIVIL COVER SHEET** | Page 1 of 3 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? ☐ Yes ☒ No  If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? ☐ Yes ☒ No  If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____    DATE: 2/14/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |